NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30118 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00332-DCN-1 |
| v. | |
| COLIN REESE DIGGIE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted August 5, 2020[**]

Before:      SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Colin Reese Diggie appeals from the district court's judgment and

challenges the 300-month sentence imposed following his guilty-plea conviction

for second degree murder committed within Indian country, in violation of 18

U.S.C. §§ 1111 and 1153.  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

affirm.

Diggie contends that the district court failed to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court acknowledged Diggie's mitigating arguments and request for a within-Guidelines sentence. However, it explained that an upward departure in offense level and criminal history was warranted in light of the "brutality of the killing," Diggie's attempts to mislead law enforcement, and Diggie's uncounted criminal history. It further explained that it took account of Diggie's time in tribal custody in selecting the sentence. This record affords meaningful appellate review, and communicates that the parties were heard and a reasoned decision was reached. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Diggie also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 300-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of circumstances, including Diggie's history and the nature of the offense. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**